Appellant John A. Grimes filed a complaint on August 20, 1975, in which he alleged that the appellees, namely: Massey Ferguson, Inc. (manufacturer of the tractor), Stringfellow Equipment Company (seller of the tractor),[1] Marvel Manufacturing Company (manufacturer of the rotary cutter), and Phillips Service Center (seller of the rotary cutter) were each liable to him in strict tort and breach of warranties in that his use of the machinery that each appellee manufactured or sold to him resulted in his bodily injury.
Each appellee moved for summary judgment based on the fact that the statute of limitations applicable to the complaint had run prior to the date that the complaint was filed. Motions for summary judgment were granted as to each appellee.
Grimes was injured August 20, 1971, while cutting approximately four-foot-high weeds on the property of a neighbor, Miss Samuella Woods, in Millry, Alabama. Grimes claimed that the right front wheel of the Massey Ferguson Model 135 tractor he was operating hit a "sink-hole" causing him to be thrown from the tractor seat. The back right wheel of the tractor came in contact with his left leg, fracturing the shinbone. Grimes was unable to remove himself from the tractor's path, and his right leg was severely mangled by the Marvel Rotary Cutter attachment which he was pulling behind the tractor. His right leg was subsequently amputated below the knee.
The appellant had purchased the Marvel Rotary Cutter from Phillips Service Center of Butler, Alabama, on August 1, 1970. He had purchased the Massey Ferguson tractor from Stringfellow Equipment Company of Lucedale, Mississippi on January 19, 1971. As previously mentioned, the injury occurred on August 20, 1971, and the complaint was not filed until August 20, 1975.
Grimes testified by deposition that he used the tractor in his farming operation.[2] He testified that he bought the rotary cutter "to keep the weeds cut down around the place" and for "cutting stalks in the fall of the year."
 I
The two applicable statutes to be considered by the Court in determining the question as to whether or not the statute of limitations of four years ran prior to the filing of this action, both as to the tractor manufactured by the appellee, Massey Ferguson, and as to the rotary cutter sold by the appellee, Phillips Service Center, are as follows. Title 7A, Section 2-725, Code of Alabama, states: *Page 340 
"Statute of limitations in contracts for sale.
 "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
 "(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs.
 "(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute." (emphasis added).
and Title 7A, Section 9-109, Code of Alabama, states:
 "Classification of goods; `consumer goods'; `equipment'; `farm products'; `inventory.'
"Goods are:
 "(1) `Consumer goods' if they are used or bought for use primarily for personal, family or household purposes;
 "(2) `Equipment' if they are used or bought for use primarily in business (including farming or a profession) or by a debtor who is a nonprofit organization or a governmental subdivision or agency or if the goods are not included in the definitions of inventory, farm products or consumer goods;
 "(3) `Farm products' if they are crops or livestock or supplies used or produced in farming operations or if they are products of crops or livestock in their unmanufactured states (such as ginned cotton, wool clip, maple syrup, milk and eggs), and if they are in the possession of a debtor engaged in raising, fattening, grazing or other farming operations. If goods are farm products they are neither equipment nor inventory;
 "(4) `Inventory' if they are held by a person who holds them for sale or lease or to be furnished under contracts of service or if he has so furnished them, or if they are raw materials, work in process or materials used or consumed in a business. Inventory of a person is not to be classified as his equipment."
If the tractor and rotary cutter are "consumer goods," then Section 2-725 provides:
 ". . . however, a cause of action for damages for injury to the person in the case of consumer goods
shall accrue when the injury occurs." (emphasis added).
If the tractor and rotary cutter are "consumer goods," the action was timely filed.
The question to be decided by the Court is whether there was a material issue of fact on the question of whether the tractor and rotary cutter are "equipment" as defined by Section 9-109, or whether or not the tractor and rotary cutter are, as the appellant contends, "consumer goods." We hold that a genuine issue of fact was presented and summary judgment was inappropriately granted.
There are no reported cases to which we have been directed which state that a tractor and rotary cutter are "equipment," as defined in Title 7A, § 9-109, Code, 1940 (Recomp. 1958), but we do not believe the definition is dependent upon the physical characteristics of the goods. The pivotal language in the definition is "used or bought for use primarily for personal, family or household purposes." Consequently, whether the tractor and rotary cutter were used or bought for use primarily for personal, family or household purposes, as appellant *Page 341 
contends, or were used or bought for use primarily in business, including farming, as appellees claim, was a material fact question, which cannot be resolved as a matter of law on this record.
Summary judgment is appropriate only when there is no genuine issue of material fact. Fox v. Title Guaranty Abstract Co. ofMobile, Inc., 337 So.2d 1300 (Ala. 1976). A trial judge may not make material factual findings on a motion for summary judgment. Ray v. Midfield Park, 293 Ala. 609, 308 So.2d 686
(1975).
In reversing, we point out, however, that "equipment" is stated in the negative in our Commercial Code; that is, collateral or goods become "equipment" when they do not fall into any of the other categories. Furthermore, when a good cannot be said to have been purchased primarily for one particular use, then that item is classified as equipment. Anderson, Uniform Commercial Code, § 9-109:4 (1971).
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] The appeal as to Stringfellow was dismissed by this Court on June 20, 1977, on another ground.
[2] "Q Okay. Did you yourself use this tractor in farming business?
"A Yes, sir.
 "Q And, what type of farming, cultivation and crops did you have in 1971?
"A Mostly corn.
 "Q All right, sir. And, was that on your place or did you work other people's land?
"A It was rented land.
"Q Rented land?
"A Yes, sir.
 "Q All right. About how many acres did you have in cultivation that year?
"A I had approximately 40 to 50 acres.
* * * * * *
 "Q Oh, yes. Now, was this corn raised for crops or to sell or both, livestock food I mean, or both?
"A For both livestock and for sale."