This case arises from a summary judgment entered against Plaintiff-Appellant, Virgil Wright, holding that the action was barred by applicable statutes of limitations. Though summary judgment was granted as to all counts of Wright's complaint, the sole issue raised on this appeal concerns the appropriate statute of limitations for personal injury actions based upon an alleged breach of an implied warranty.
The facts in this case are not in dispute. In September, 1971, The Industrial Development *Page 445 
Board of the City of Scottsboro, acting on behalf of Revere Copper Brass Company, issued purchase orders to Appellee, Southern Engineering Equipment Company for certain overhead crane operator-control consoles. Appellees, Southern Engineering and Cutler-Hammer, Inc., manufacturers of the units, complied with these purchase orders and delivered the crane consoles to Revere on December 17, 1971.
On April 18, 1973, Wright was injured while installing an air conditioner unit in Revere's (his employer's) crane. The crane had been used in Revere's plant since its delivery. Wright filed suit on April 12, 1976, raising three counts: negligence; wantonness; and breach of implied warranties of merchantability and fitness. The trial Court granted Appellees' Motion for Summary Judgment as to all counts; hence, this appeal.
As stated, the sole question raised on this appeal is whether the trial Court properly held that the limitation period had run. Both parties urge application of this State's enactment of the UCC. Thus, they seek an interpretation of the limitation provision found in § 7-2-725, Code (1975). This section provides, inter alia:
Statute of limitations in contracts for sale.
 (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
 (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs.
Wright contends that he, as an employee of Revere, is a consumer and that the limitation period begins to run from the date of his injury. He seeks application of the four-year period, however, rather than the period normally applicable in tort situations. Assuming we disagree with this contention, he seeks application of the first exception — "explicitly extends to future performance." We will consider these contentions in inverse order.
Section 7-2-725 (2) contains two exceptions to the general rule as to when a cause of action accrues. The first exception stated above provides:
. . . except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. . . . (Emphasis added).
Wright's contention that this exception applies because the parties to the contract contemplated future performance of the goods is fallacious. The Code provides that the contract must "explicitly" extend to future performance. Plaintiff, in this action, has shown no such provision in the contract which extends application to warranties to future performance. Furthermore, other states have held that this exception pertains only to express warranties. See, e.g., General MotorsCorp. v. Tate, 257 Ark. 347, 516 S.W.2d 602 (1974); and Wilsonv. Massey-Ferguson, Inc., 21 Ill. App.3d 867, 315 N.E.2d 580
(1974). We agree with this reasoning because the theory here sued upon is that of implied warranty. The terms "explicit" and "implied" are contradictory.
 "It does not seem logical that the Code intended that an implied warranty be explicitly extended to future performance." General Motors, 516 S.W.2d at 606.
Therefore, the exception here considered applies only to express warranties which explicitly extend the warranty to future *Page 446 
performance. See generally White and Summers, Uniform Commercial Code, § 11-8, pp. 341-42.
Similarly, Wright's contention that the second statutory exception applies is misplaced. That exception is a "nonconforming" amendment which expands certain consumers' rights. Atkins v. American Motors Corp., 335 So.2d 134 (Ala. 1976); and § 7-2-725, Alabama Comment, Code (1975). See alsoGrimes v. Massey Ferguson, Inc., 355 So.2d 338 (Ala. 1978). This exception provides:
. . . however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs. (Emphasis added.)
Thus, the exception clearly applies only in the case of "consumer goods." This application cannot be extended beyond the field of operation clearly defined by the statute in unambiguous terms. It cannot be presumed the Legislature has used language without any meaning or application whatever.Fletcher v. Tuscaloosa Federal Savings and Loan Ass'n, 294 Ala. 173, 314 So.2d 51 (1975); and Standard Oil Company of Kentuckyv. State, 218 Ala. 243, 118 So. 281 (1928). Therefore, the exception would apply only if the overhead crane and its console were deemed "consumer goods," as that term is used in the UCC.
Section 7-2-103 refers to § 7-9-109 as stating the applicable definition of "consumer goods." That section provides:
Goods are:
 (1) "Consumer goods" if they are used or bought for use primarily for personal, family or household purposes;
 (2) "Equipment" if they are used or bought for use primarily in business . . .
. . . . .
These classifications are mutually exclusive. § 7-9-109, Comment 2, Code (1975).
It appears the crane is a classic example of goods used as "equipment." Comment 3 to § 7-9-109 states that machinery used in manufacturing is equipment. Surely, to consider an overhead crane, used in a manufacturing plant, as "consumer goods," as that term is defined above, stretches one's imagination beyond the realm of realism.
Furthermore, merely because this Court has acknowledged the Legislature's intent to eliminate the need for "vertical privity" in personal injury actions (Bishop v. Sales,336 So.2d 1340 (Ala. 1976)) does not expand application of this rule. SeePeeke v. Penn Central Transportation Co., 403 F. Supp. 70
(E.D.Pa. 1975). The statute clearly defines its area of application and we cannot ignore the clear implication of its meaning. Fletcher, supra.
Therefore, because neither exception applies, this case falls under the general limitations stated in the statute. Thus, the action accrues upon tender of delivery of the crane, and this is so "regardless of the aggrieved party's lack of knowledge of the breach." § 7-2-725 (2), Code (1975). Wright had four years from that date to bring this action. § 7-2-725 (1), Code (1975). Having failed to do so, it is barred as being untimely. We take note of the authorities which, for personal injuries, utilize the more general statute of limitations for torts. See, e.g., Morton v. Texas Welding and Manufacturing Co.,408 F. Supp. 7 (S.D.Tex. 1976). We believe, however, that the better-reasoned opinions utilize the period stated in the Code where, as here, the action is brought under a warranty theory.[1]Grimes, supra. See Sinka v. Northern Commercial Co.,491 P.2d 116 (Alaska 1971); and Gardiner v. Philadelphia Gas Works,413 Pa. 415, 197 A.2d 612 (1964). This is true even though damages for personal injuries are sought, so long as the injuries were not caused by consumer goods. Grimes, supra.
The judgment of the trial Court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] Because no constitutional issue was raised, we do not speak to that question. Ex parte Hanna, 267 Ala. 527, 103 So.2d 720
(1958). *Page 447