380 So.2d 259 (1979)
TEXTRON, INC., a corporation, Jones & Lamson Division Waterbury/Ferrell, a Textron Corporation, et al.
v.
Hubert F. WHITFIELD.
No. 78-409.
Supreme Court of Alabama.
December 7, 1979.
Rehearing Denied February 8, 1980.
John F. Whitaker of Sadler, Sadler, Sullivan, Sharp & Stutts, Birmingham, for Textron, Inc.
Frank O. Burge, Jr. and James H. Wettermark, Birmingham, for appellee.
PER CURIAM.
This appeal raises the question as to whether a trial court may amend a summary judgment granted a defendant more than nine months later to read "without prejudice" instead of "with prejudice" under ARCP 60(b)(6). We hold it can and affirm.
Plaintiff Whitfield sustained a personal injury on October 22, 1974, and brought suit against defendant Textron in Jefferson County Circuit Court based upon the Alabama Uniform Commercial Code. Textron filed a motion to dismiss, or in the alternative, motion for summary judgment on May 25, 1977, claiming that Whitfield's suit was barred by the Alabama statute of limitations. The circuit judge overruled the motion with leave to Textron to refile the motion upon the rendering of a decision by the Alabama Supreme Court in Grimes v. Massey-Ferguson, Inc., 355 So.2d 338 (Ala. 1978).
The law in Alabama concerning the statute of limitations under the Alabama Uniform Commercial Code was unclear until the Grimes decision was rendered January *260 27, 1978. During the interim, between Textron's motion and the release of Grimes, Whitfield brought suit on the same cause of action in the Federal District Court of Vermont.
The Grimes decision decided the questions concerning the statute of limitations adverse to plaintiff Whitfield's position and defendant Textron again moved to dismiss, or in the alternative, for summary judgment. Its motion was granted on April 21, 1978, the court not specifying whether with or without prejudice. But see ARCP 41(b) which states, "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."
After the case was dismissed in Alabama, Textron made a motion for summary judgment in Vermont, alleging that the judgment rendered in Alabama constituted an adjudication on the merits and therefore barred the Vermont suit under the doctrine of res judicata.
While the Vermont motion was pending, on January 31, 1979, more than nine months after the summary judgment dismissing the Alabama action, Whitfield filed a motion to alter or amend the judgment.
Whitfield sought to have the judgment reworded to read "without prejudice" so as not to affect the maintenance of his action in Vermont. The circuit judge granted Whitfield's motion and amended the order. Hence, Textron's appeal.
First, we must determine the nature of Whitfield's motion. The motion would have to fall within Rule 60(b)(6) to be timely. It is obvious that the motion does not fall within Rule 60(b)(2)-(5) and the time periods under Rule 59(e) and Rule 60(b)(1) have elapsed. Therefore, our inquiry should be whether the motion can properly be considered a Rule 60(b)(6) motion for "any other reason justifying relief from the operation of the judgment."
There is no doubt that Rule 60(b)(6) is an extraordinary remedy. A party has only four months to obtain relief from a judgment entered by the court on such grounds as fraud, misrepresentation, or misconduct by a party under ARCP 60(b)(3). A motion under 60(b)(6) may be filed within a reasonable time.
The 60(b)(6) motion should be permitted only in those exceptional circumstances when the party can show the court sufficient equitable grounds to be entitled to relief. Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App.1978).
On review of a ruling of a trial court on a Rule 60(b)(6) motion, the appellate court will not disturb the decision of the trial court except where it is determined "that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust." Nunn v. Stone, supra. The decision of whether to grant or deny the motion is within the sound discretion of the trial judge, and our standard on review is whether the trial judge abused that discretion. Pierson v. Pierson, 347 So.2d 985 (Ala. 1977). We find that in this case, there was no such abuse of discretion.
The dismissal of plaintiff Whitfield's claim in the Jefferson Circuit Court was not such a disposition on the merits so as to invoke the doctrine of res judicata. Whitfield's claim was dismissed because it was barred by the Alabama statute of limitations, a procedural matter. The dismissal was a bar to recovery in Alabama. Should Whitfield try to relitigate his claim in Alabama the defendants will, of course, have available to them the defense of the statute of limitations. But such a bar in Alabama should not bar Whitfield's substantive claim elsewhere. We are of the opinion that if the plaintiff can present his claim elsewhere, in a jurisdiction which has a longer or different statute of limitations, and prevail on the merits of his claim, he should have that opportunity. Sack v. Low, 478 F.2d 360 (2d Cir. 1973).
In Sack v. Low, supra, an almost identical factual situation existed as in the case at bar. There, a Massachusetts federal district court dismissed an action because of the applicable Massachusetts statute of limitations. *261 Subsequently, plaintiff filed an identical action in a New York federal district court. The New York court granted summary judgment for defendant under the doctrine of res judicata, relying on the previous Massachusetts dismissal. Plaintiff appealed and at the same time filed a motion in the Massachusetts court to amend the prior order of dismissal to show "without prejudice." The Massachusetts court granted the motion. The Second Circuit, on appeal, reversed the New York district court's dismissal, holding the plaintiff's motion in the Massachusetts district court seeking to amend the judgment was under 60(b)(6) and was effectual so that the Massachusetts dismissal did not bar the subsequent New York suit.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON and BEATTY, JJ., concur.
TORBERT, C. J., and SHORES and EMBRY, JJ., dissent.
TORBERT, Chief Justice (dissenting).
The plaintiff-appellee's motion to revise the judgment of dismissal to read "without prejudice" was made more than nine months after the entry of that judgment; therefore the issue determinative of this appeal is whether plaintiff's "Motion to Alter or Amend Judgment" was properly treated as a Rule 60(b)(6) motion which may be made "within a reasonable time," or whether that motion was in fact a 59(e) motion, which must be made within "30 days after entry of the judgment," or a 60(b)(1) motion which must be made within four months after entry of judgment. Since there is little, if any, Alabama law in this area, I will rely largely on the interpretation which federal courts have given to the parallel Federal Rules of Civil Procedure inasmuch as our rules are patterned after the federal rules.
Plaintiff's "Motion to Alter or Amend Judgment" (though it is given a name which is strikingly similar to the title the Rules give a 59(e) motion, i. e., "Motion to alter, amend or vacate a judgment") is allegedly made pursuant to Rule 60(b)(6) which allows the court to grant a party relief from a prior judgment for "any other reason justifying relief from the operation of the judgment." The plaintiff's characterization of the motion is not, however, decisive of this issue because it is clear that a party may not escape the time limits imposed on 59(e) motions or 60(b)(1) motions simply by characterizing it as a 60(b)(6) motion. United States v. Cirami, 563 F.2d 26 (2d Cir. 1977); Sezysko v. Chase Manhattan Bank, 461 F.2d 699 (2d Cir. 1972); Blackstone v. Gulf, Mobile and Ohio R.R. Co., 28 F.R.D. 385 (D.Conn.1961).
The appellant, defendant below, contends the motion is a 59(e) motion to alter or amend judgment or in the alternative a 60(b)(1) motion for relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." The trial court granted plaintiff Whitfield's motion and amended the order, thus treating it as a 60(b)(6) motion.
The majority holds, in reliance on Pierson v. Pierson, 347 So.2d 985 (Ala.1977), that: "The decision of whether to grant or deny the motion is within the sound discretion of the trial judge, and our standard on review is whether the trial judge abused that discretion."
I agree with that general proposition of law, but I believe the majority side-stepped the threshold issue which is: Whether the circuit court's treatment of the motion as a 60(b)(6) motion was error. I believe the scope of our review as to that issue is broad because the characterization of that motion under the ARCP is a question of law.
The first point which must be made in attempting to properly classify the instant motion is that Rule 60(b)(6) allows the court to vacate a final judgment only if a set of EXCEPTIONAL CIRCUMSTANCES is alleged demonstrating a situation of extreme hardship. Rinieri v. News Syndicate Co., 385 F.2d 818 (2d Cir. 1967); Sears, Sucsy and Co. v. Ins. Co. of N. America, 392 F.Supp. 398 (N.D.Ill.1974); Carrethers v. St. LouisSan Francisco Railway Co., 264 *262 F.Supp. 171 (W.D.Okl.1967); Mach v. Pennsylvania Railroad Company, 198 F.Supp. 473 (W.D.Penn.1961). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969). The policy behind the rule requiring exceptional circumstances, as stated by Judge Waterman for the United States Court of Appeals for the Second Circuit, is one of respect for the finality of judgments:
Very high among the interests in our jurisprudential system is that of finality of judgments. It has become almost a judicial commonplace to say that litigation must end somewhere, and we reiterate our firm belief that courts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case.
United States v. Cirami, 563 F.2d 26 at 33 (2d Cir. 1977). "To be sure, the power to upset judgments [must] be exercised guardedly." Carr v. District of Columbia, 177 U.S.App.D.C. 432 at 442, 543 F.2d 917 at 927 (D.C.Cir.1976).
The language of Rule 60(b)(6), ARCP, provides insight essential to the proper classification of the instant motion by setting forth the two requisites of a 60(b)(6) motion: "[A]ny [1] other reason [2] justifying relief from the operation of the judgment." 60(b)(6), ARCP.
It is important to note, however that clause (6) contains two very important internal qualifications to its application: first the motion must be based upon some reason other than those stated in clauses (1)-(5) and second, the other reason urged for relief must be such as to justify relief.
7 Moore, Federal Practice, § 60.27[1] p. 343 (2d ed. 1972).
The federal courts interpreting 60(b), FRCP, have held that 60(b)(1) and 60(b)(6) are not pari passu but are mutually exclusive. United States v. Cirami, supra; Carr v. District of Columbia, supra; Renieri v. News Syndicate Co., supra; 7 Moore, Federal Practice, § 60.27[1] (2d ed. 1972). Clearly then, if relief from the judgment is requested because of a mistake in understanding a court's order, a 60(b)(6) motion is not appropriate. Transit Casualty Co. v. Security Trust Co., 441 F.2d 788 (5th Cir. 1971).
The trial judge gave no reasons for granting the 60(b)(6) motion. The plaintiff-appellee assigned as his grounds the uncertainty concerning the Alabama statute of limitations. Nevertheless, the plaintiff should have timely moved to amend the order. Whether his failure to do so was due to oversight or to a misunderstanding of ARCP 41(b) (which states that a dismissal is with prejudice unless otherwise provided) the reason for that failure was not the extraordinary circumstances "justifying" relief under 60(b)(6), but mistake. Therefore, I would hold the instant motion was a 60(b)(1) motion which was not timely filed.
SHORES and EMBRY, JJ., concur.