This is an appeal from denial of a motion for relief from a judgment that was entered pursuant to a settlement agreement entered by stipulation in the trial court. The issue is whether appellant's attorneys had authority to enter into the stipulation. We hold that they had such authority and affirm.
The stipulated settlement agreement served to determine the rights and interests of the various parties to an action to quiet title to a parcel of land located in Pike County, Alabama. Appellee, Mary Bell Reddock, filed the action, asking that title be quieted in her, and served notice by publication on the various named defendants and their heirs at law as unnamed defendants. Several of the defendants, including appellant, Mary L. Young, answered the complaint and discovery followed. The action was heard by the trial judge on June 15, 1982. No testimony was offered at trial. The parties rather, through their attorneys, entered into certain stipulations delineating the interest of each party to the suit in the subject property. The trial judge entered a final order on August 12, 1982, which mirrored the terms of the stipulations.
Appellant then served notice of a Rule 60 (b), A.R.Civ.P., motion for relief from judgment in the trial court, claiming that her attorneys were without authority to enter into the stipulations on her behalf and that the acts of her attorneys constituted a breach of duty and created a conflict of interest such that she could not adequately be represented by them. Appellant requested that the court, upon hearing the motion, set aside the stipulations represented by the August 12, 1982, decree and set the issues for trial. The trial judge denied the motion without a hearing, and appellant brought this appeal.
Appellant's main argument on appeal is that since she was denied an opportunity to be heard in court due to her former attorneys' actions concerning stipulations, the trial judge abused his discretion by denying appellant an opportunity to be heard on her motion for relief from judgment. We do not agree with this assertion.
At the threshold, appellant has not met her burden of proving that her attorneys lacked authority to enter into the stipulations. The Alabama Code 1975, § 34-3-21, addresses the issue of attorney authority, stating:
 "Any attorney has authority to bind his client in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court."
It is stated, however, in Senn v. Joseph, 106 Ala. 454, 457,17 So. 543, 543 (1895), that:
 "The statute does not enlarge the duties of an attorney, nor give him authority to compromise the claim of his client, whether liquidated or unliquidated, admitted or controverted."
Considering both the Code provision and the Senn holding, this court has held that the question of attorney authority is one of fact to be determined by the trier of fact. Hawk v. Biggio,372 So.2d 303 (Ala. 1979).
In the instant case there was no express finding by the trier of fact, here the judge, that appellant's attorneys were authorized to enter into the stipulations. Such a finding, however, is implicit in the trial court's *Page 1249 
judgment. It is supported by the rule that, where the trial judge does not make an express finding of fact, this court will assume that such a finding was made if it is necessary to support the judgment, unless the finding would be clearly erroneous or against the great weight and preponderance of the evidence. See Thomas v. Davis, 410 So.2d 889 (Ala. 1982);Lipscomb v. Tucker, 294 Ala. 246, 314 So.2d 840 (1975). There is no showing from the record that such a finding would be clearly erroneous in this case.
Moreover, regardless of the finding on the question of attorney authority, appellant's argument that the trial judge abused his discretion by denying appellant an opportunity to be heard is without merit. Presumably, appellant is arguing that denial of opportunity to be heard constitutes a valid "other reason justifying relief from the operation of the judgment" under Rule 60 (b)(6), since none of the other grounds for relief specified in Rule 60 (b) would apply.
Relief is justified under a Rule 60 (b)(6) motion when a party is able to show exceptional circumstances sufficient to entitle him to relief. Ex Parte Hartford Insurance Co.,394 So.2d 333 (Ala. 1980), Textron, Inc. v. Whitfield,380 So.2d 259 (Ala. 1979). Rule 60 (b)(6) is considered an extreme remedy to be used only in extraordinary circumstances. City of Daphnev. Caffey, 410 So.2d 8 (Ala. 1981). The decision of whether to grant or deny a 60 (b)(6) motion is within the sound discretion of the trial judge, and the standard of review on appeal is whether the trial court abused its discretion. Ex ParteHartford Insurance Co., supra; Pierson v. Pierson,347 So.2d 985 (Ala. 1977).
Furthermore, the appellate court will review only the correctness of the trial court's order, Sanders v. BlueCross-Blue Shield of Alabama, 368 So.2d 8 (Ala. 1979); and the decision will not be reversed on appeal unless it is determined "that there is absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust." Textron, Inc. v. Whitfield, supra at 260, (quoting Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App. 1979)).
The trial judge was certainly in the best position to determine whether this case presented such extraordinary circumstances that appellant should be entitled to Rule 60 (b)(6) relief. The judge denied relief based on a review of the pleadings and stipulations and the actions of the parties to the suit. A careful review of the record and briefs filed in this case discloses no abuse of discretion in the decision of the trial judge. The judgment below, therefore, is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.