This is an appeal from the trial court's denial of a Rule 60 (b), Ala.R.Civ.P., motion for relief from a judgment entered in a will contest case.
The facts are undisputed. On January 6, 1981, the will of Wilmer Britnell was admitted to probate in Franklin County.
On July 6, 1981, Nellie Montgomery, through her attorney, filed a will contest in probate court and demanded transfer to circuit court. It was so transferred. On March 18, 1983, the proponents moved to dismiss the contest because the circuit court lacked jurisdiction under Code 1975, § 43-8-199.[1] Their motion was granted on May 12, 1983. On December 13, 1983, Ms. Montgomery filed a motion, pursuant to Rule 60 (b), for relief from the order dismissing her contest. She claimed that she had received no notice of the trial court's action which dismissed her contest of the will until after the time within which to file post-trial motions or an appeal. Her motion was denied.
She appeals here, contending that the trial court erred in not granting her Rule 60 (b) motion.
In her brief, Ms. Montgomery contends that she intended her motion to be one pursuant to Rule 60 (b)(6), but the motion itself contained no such designation. She argues, in part, as follows:
 "The Alabama Court of Civil Appeals has stated that relief under Rule 60 (b)(6) is available only in the most extraordinary and compelling circumstances. Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900
(Ala.Civ.App. 1979). Chief Justice Torbert, dissenting in Textron, Inc. v. Whitfield, 380 So.2d 259, 261 (Ala. 1979), stated that `Rule 60 (b)(6) allows the court to vacate a final judgment only if a set of exceptional circumstances is alleged demonstrating a situation of extreme hardship.' The circumstances *Page 61 
before the trial court in this case were extraordinary, compelling and, if allowed to stand, would be an extreme hardship to the appellant. If allowed to stand, the court's ruling denying the Rule 60 (b)(6) motion would have the effect of denying the appellant the right to request the trial court to reconsider its decision on the merits through a `motion for rehearing' and, furthermore, the court's ruling would, in effect, deny appellant the opportunity to appeal the case on its merits."
She also claims that the Court of Civil Appeals, in Blackmonv. W.S. Badcock Corp., 342 So.2d 367 (Ala.Civ.App. 1977), affirmed a trial court's granting of a Rule 60 (b)(6) motion because the movant had received no notice of the entry of a default judgment. She claims to be similarly situated.
The proponents of the will, on the other hand, argue that Ms. Montgomery's attorney was present when the motion was argued before the court, and that the judge advised the attorneys at that time of his proposed action. The record does not reflect that the attorneys were told by the judge what action he would take on the motion, but the order of the court does show that the attorneys were present and argued the motion, and a "judgment entry" included in the record shows that copies of the ruling on the motion, styled "Decree of the Court," was sent to the attorneys.[2]
This Court has previously held that relief of judgment under Rule 60 (b)(6) is proper only where the moving party shows exceptional circumstances which justify the relief. Young v.Reddock, 437 So.2d 1247 (Ala. 1983). This Court has also held that the granting or denial of such motions is within the sound judicial discretion of the trial judge, and that the standard of review on appeal is whether the trial judge abused his discretion. Young, supra. As we stated in Young, "The trial judge was certainly in the best position to determine whether this case presented extraordinary circumstances." The trial judge found none. Neither do we believe such circumstances existed here; therefore, we hold that the trial court's denial of Ms. Montgomery's motion was proper, and the judgment of that court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] "Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated."
[2] The "Decree of the Court" reads, in part, as follows:
 "This matter having been set for hearing on the motion of the plaintiffs to dismiss the contest filed with regard to the probate of the will of Wilmer Britnell, deceased, the attorneys for the parties appeared before the Court and argued said motion, and the Court, upon consideration of said motion, and the arguments made to the Court regarding same, the position of the plaintiffs being based on the fact that this Court lacks jurisdiction due to the fact that said contest was filed in the Probate Court of Franklin County, Alabama, rather than in this Court as required by statute, and that the time for filing any further contest has now run, the Court finds that the motion of the plaintiffs is due to be granted." (Emphasis added.)
The trial docket summary reads, in part, as follows:
"3/21/83, Motion to Dismiss.
"3/21/83, Motion.
"3/24/83, Motion set for hearing.
"5/12/83, Decree filed.
 "5/16/83, Copy of decree to attorneys." (Emphasis added.)