WRIGHT, Presiding Judge.
This is an appeal from denial of relief under Rule 60(b), A.R.Civ.P.
On August 19, 1983, Charles Davis, an employee of the City of Tuscaloosa was injured due to smoke inhaled while fighting a fire at a local landfill. The employee was awarded workmen’s compensation for temporary total disability by the circuit court. Thereafter, the employee requested relief from the final judgment pursuant to Rule 60(b)(2), A.R.Civ.P., contending that new evidence had been discovered which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). It was alleged that the new evidence would establish the right to an award of permanent disability. The 60(b) motion was denied by the trial court. The employee appeals. We affirm.
Upon a 60(b)(2) motion, the burden is on the moving party to show the existence of newly discovered evidence under the meaning of the rule. That is, material evidence not known at the time of trial which could not have been discovered by due diligence. Beaty v. Head Springs Cemetery Association, 413 So.2d 1126 (Ala.1982). The trial court has wide discretion in denying relief under 60(b), and it will not be reversed on appeal absent abuse of this discretion. Montgomery v. Burchett, 456 So.2d 60 (Ala.1984); Young v. Reddock, 437 So.2d 1247 (Ala.1983).
The record shows that the trial court’s decision was based on careful analysis of the employee’s claimed newly discovered evidence. That evidence was found to be lacking under Rule 60(b)(2), A.R.Civ.P. The court found that the identities of the two additional witnesses, which provided the basis for the 60(b)(2) motion, were known to the employee prior to the time of trial, and the evidence presented was known or discoverable at time of trial. Thus such evidence was not newly discovered under the rule. Gallups v. U.S. Steel Corp., 353 So.2d 1169 (Ala.Civ.App.1978).
Had the evidence produced by the employee met the requirements of newly discovered evidence under Rule 60(b)(2), it would not be relevant to the issue upon which the original judgment was based. The new evidence tended to show the identity of the chemicals in the smoke which injured the employee. Such chemicals could cause permanent injury. However, the trial court found from the evidence that the employee suffered no permanent injury. The content of the material inhaled thus would not affect the finding of no permanent injury.
We find no abuse of the discretion of the trial court.
The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.