HOUSTON, Justice.
This is an appeal from the trial court’s denial of a motion to vacate its order enforcing a settlement agreement. We affirm.
Frances Ella Thompson died testate, leaving all of her assets, both real and personal (worth approximately $75,000), to her daughter Colleen Norfolk. The will was offered for probate in the Probate Court of Colbert County. Subsequently, Yvonne Thompson Wynn (Ms. Norfolk’s half sister) filed a complaint contesting the will; thus, the will contest was transferred to the Circuit Court of Colbert County for a jury trial. Ms. Norfolk initially represented herself during the will contest, but later retained an attorney, who entered an appearance on her behalf. Thereafter, settlement negotiations were conducted during the jury term by the attorneys for Ms. Wynn and Ms. Norfolk. Ms. Norfolk, however, contends that she never authorized her attorney to enter into the settlement negotiations on her behalf, and she further contends that when her attorney mailed her the proposed settlement papers she refused to sign the papers because she had not consented to enter into the agreement. Thereafter, Ms. Wynn filed a motion to enforce the settlement agreement, which the trial court granted after a hearing on the motion. Although there is evidence that Ms. Norfolk’s attorney had received notice of that hearing, he failed to appear and had not given notice to Ms. Norfolk. Subsequently, Ms. Norfolk retained new counsel, who filed a motion to vacate the trial court’s order enforcing the settlement agreement. This motion was amended to incorporate by reference Ms. Norfolk’s affidavit in which she states that she did not receive notice of any hearing being held on the motion to enforce the settlement agreement and that although she had been presented with settlement papers in the past, she had never signed such papers and had not authorized her attorney to enter into any settlement agreement on her behalf.
*850 At the hearing on the motion to vacate, Ms. Norfolk’s former attorney testified that Ms. Norfolk had in fact authorized him to settle the case for $10,000, but that they had not discussed the specific term in the settlement agreement concerning the time within which to sell the house (which term specified that the house was to be sold within a reasonable time and that the trial court, retaining jurisdiction over this matter, had the power to order a public sale of the house if it was not sold at private sale within six months of the date of the order on the motion to enforce the settlement agreement). At the hearing on the motion to vacate, according to the trial judge, who specifically recalled the facts surrounding this matter when the case was called for trial, Ms. Norfolk was present in open court when the attorneys stated that they wanted to avoid a court battle, when the attorneys indicated that the case was close to being settled, and when the attorneys requested a couple of days to negotiate, subject to the trial court’s holding open a trial time during that jury term. Thereafter, the trial court, having heard the testimony presented on the motion to vacate and having considered Ms. Norfolk’s affidavit, denied the motion to vacate. Ms. Norfolk appealed.
Because a motion is to be construed according to its substance rather than its title, we view Ms. Norfolk’s motion to vacate the trial court’s order enforcing the settlement agreement as a Rule 60(b), Ala.R.Civ.P., motion. See Sundance Marina, Inc. v. Reach, 567 So.2d 1322 (Ala.1990). Rule 60(b) is an extraordinary remedy that is permitted only in exceptional circumstances when the moving party can show the trial court sufficient equitable grounds for relief. See Reese v. Robinson, 523 So.2d 398 (Ala.1988); Montgomery v. Burchett, 456 So.2d 60 (Ala.1984); Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1979). The grant or denial of a Rule 60(b) motion is within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion, Douglass v. Capital City Church of the Nazarene, 443 So.2d 917 (Ala.1983); Gallups v. United States Steel Corp., 353 So.2d 1169 (Ala.Civ.App.1978) — that is, absent a finding of reasonable cause, absent a finding that the rights of others subsequently arising would be adversely affected, or absent a finding that the trial court’s decision is unjust. Reese v. Robinson, supra. See White v. Campbell & Associates, 544 So.2d 971 (Ala.1989); see, also, Sundance Marina, Inc. v. Reach, supra.
We have carefully examined the record in this case and find none of these exceptions. Rather, it is apparent from our review of the transcript of the hearing on the motion to vacate that the trial court was well aware of the facts of this case (a recitation of which would not aid the Bench and Bar) and of all the circumstances surrounding the settlement negotiations between the parties, from which it determined that the circumstances were not exceptional and that Ms. Norfolk had not shown sufficient equitable grounds for relief. Therefore, because we cannot hold that the trial court abused its discretion in denying Ms. Norfolk’s motion to vacate the settlement agreement, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.