Randall Killingsworth appeals from a denial of his Rule 60(b)(6), A.R.Civ.P., motion to vacate a judgment entered by the trial court in favor of Jeanette Crittenden.
On October 28, 1985, Jeanette Crittenden filed an action against Killingsworth Pest Control, Inc. On November 18, 1986, the Mobile Circuit Court entered a judgment in that action in the amount of $8,393 for Crittenden and against Killingsworth Pest Control, Inc. Killingsworth Pest Control, Inc., moved to set aside that judgment, and while that motion was pending Randall Killingsworth supposedly transferred two vehicles belonging to Killingsworth Pest Control, Inc. Killingsworth Pest Control's motion to set aside the judgment was denied.
On July 8, 1988, Crittenden filed a complaint in relation to the November 18, 1986, judgment. That complaint alleged that Randall Killingsworth (hereinafter "Killingsworth"), had conducted and controlled the business of Killingsworth Pest Control, Inc., so as to "make it merely his instrumentality" (and thus his alter ego) and that he therefore should be responsible for payment of the judgment. Crittenden alleged that Killingsworth, acting thus, had defrauded her (1) when he attempted to transfer, supposedly for $3,000, a vehicle of the corporation to his brother's sister, who signed for the vehicle under the fictitious name "Contractors Equipment, Inc.", and (2) when he attempted to transfer, supposedly for $4,000, another vehicle of the corporation to a fictitious individual. Killingsworth was served with the summons and complaint on July 18, 1988.
The trial court set aside the transfers as fraudulent. Later, on August 24, 1988, the trial court entered a default judgment against Killingsworth for failing to answer the complaint, and on September 23, 1988, the trial court entered a final judgment for Crittenden for $100,000 and court costs.
Killingsworth filed a motion for relief from judgment, alleging that he had not been served with the complaint. The trial court granted Killingsworth's motion and set aside the judgment on December 16, 1988.
From February through April 1989, Crittenden filed two motions to compel Killingsworth to answer two sets of interrogatories, and the trial court granted one of those motions in part and the other completely. When Killingsworth failed to respond to either order of the trial court, Crittenden moved for sanctions against Killingsworth in the form of a summary judgment, and an oral hearing was set for that motion on May 8, 1989.
On May 3, 1989, Killingsworth's lawyer filed a motion to withdraw as counsel because of Killingsworth's nonpayment of attorney fees. Crittenden, in her words, "out of an abundance of caution," then attempted service both by the sheriff and through certified mail of both the "Notice to Show Cause," which was the notice concerning the oral motion the trial court had originally set for May 8, 1989, and the "Motion for Sanctions." The sheriff returned the notices on May 26, 1989, marked "Not found." A certified letter, which provided notice of the "Motion for Sanctions" and "Notice to Show Cause," was returned on May 24 as "refused"; a second certified letter was returned on June 16, 1989, as unclaimed. *Page 905 
On June 16, 1989, the trial court authorized Crittenden to serve Killingsworth by publication, and proof of publication was filed on August 11, 1989. On that same day, the trial court entered a summary judgment for Crittenden with leave to prove damages. On September 1, 1989, the trial court entered the judgment against Killingsworth for $100,000 and court costs.
In August 1990, Crittenden found Killingsworth living and working in Virginia. Crittenden initiated proceedings to get Virginia to recognize the judgment, which Virginia did, and Crittenden then obtained a writ of garnishment against Killingsworth's employer. Killingsworth then, on September 28, 1990, filed a Rule 60(b)(6), A.R.Civ.P., motion to set aside the default judgment, because, among other reasons, he had allegedly not been served. After hearing oral testimony and argument by counsel, the trial court denied that motion, and Killingsworth appeals.
Rule 60(b)(6) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."
The Court discussed relief pursuant to Rule 60(b)(6) inEx parte Hartford Insurance Co., 394 So.2d 933 (Ala. 1981):
 "It is important to note that Rule 60(b)(6) contains two very important prerequisites to its application: first, the motion must be based on some reason other than those stated in clauses 60(b)(1) through (5) and second, the reason urged for relief must be such as to justify relief. 7 Moore, Federal Practice, § 60.27[1] p. 343 (2d ed. 1972).
". . . .
 "Relief is justified under a Rule 60(b)(6) motion when a party is able to show exceptional circumstances sufficient to entitle him to relief. Textron, Inc. v. Whitfield, Ala., 380 So.2d 259
(1979); Nunn v. Stone, Ala. Civ. App., 356 So.2d 1212 (1979). The decision of whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. Textron v. Whitfield, supra; Pierson v. Pierson, Ala., 347 So.2d 985 (1977). In reviewing a ruling of a trial court on a Rule 60(b)(6) motion, the trial court's decision will not be disturbed unless it is determined 'that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.' Textron v. Whitfield, supra, quoting Nunn v. Stone, supra."
394 So.2d at 936.
Killingsworth contends that the Rule 60(b)(6) motion should have been granted, arguing 1) that Crittenden's complaint in the July 8, 1988, action does not state a claim on which relief can be granted; 2) that Killingsworth did not defraud Crittenden; 3) that the judgment is excessive; and 4) that he was never served with the "Notice to Show Cause" or the "Motion for Sanctions. "
The first two reasons for granting the Rule 60(b)(6) motion offered by Killingsworth are defenses to the merits of the action, which Killingsworth might have advanced had he defended the action on the merits. Killingsworth presented no evidence or excuse as to why he did not present these arguments in a motion to dismiss or in a summary judgment motion. The trial court did not abuse its discretion in determining that in relation to these arguments Killingsworth did not prove exceptional circumstances sufficient to entitle him to relief.Ex parte Hartford Insurance Co., at 936.
Killingsworth claims that the amount awarded is excessive. He presents no convincing legal argument for that claim: he merely concludes that because the purported "sales" value of the two vehicles in the transactions set aside as fraudulent was only $7,000, the trial court could not properly award $100,000 on Crittenden's fraud claim. A plaintiff may recover punitive damages in a fraud action, see, e.g., Beautilite Co. v.Anthony, 554 So.2d 946 (Ala. 1989). Killingsworth has *Page 906 
not presented any evidence to this Court that suggests the award is excessive. See Green Oil Co. v. Hornsby, 539 So.2d 218
(Ala. 1989). The trial court did not abuse its discretion in denying Killingsworth's Rule 60(b)(6) motion on the ground that the award is excessive.
As to Killingsworth's claim that he was never served with the "Notice to Show Cause" or the "Motion for Sanctions," the trial court considered Killingsworth's ore tenus testimony that the first notice he received of the judgment was when his wages were garnished; that he never refused any certified mail; that the address to which Crittenden sent the certified mail was an industrial site where 25 contractors have offices; that he does not receive mail at that address; and that the evidence does not show who refused the mail. To rule for Killingsworth on this point, we would have to overrule the trial court's factual determination against Killingsworth, which was based upon oretenus evidence, and then hold that Killingsworth had proved exceptional circumstances sufficient to entitle him to relief.Ex parte Hartford Insurance Co., at 936. The evidence Killingsworth presented falls far short of providing a basis for either ruling, much less both. Id.
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ., concur.