ROBERTSON, Presiding Judge.
On November 12, 1998, Patty E. Lowery filed, in the Colbert County Circuit Court, a complaint seeking a divorce from Edward Oneal Lowery. The wife also sought custody of the parties’ two children, a son, age six, and a daughter, age two. The parties had entered into an agreement before the wife filed her complaint. On November 22, 1993, the trial court entered a judgment of divorce, ratifying, approving, and incorporating the agreement of the parties. The agreement provided, among other things, that the wife have custody of the minor children; that the husband pay $1200 per month child support; that the wife be awarded the marital residence; that the husband pay the tuition for the children to attend Mars Hill Bible School; and that the husband pay for the children’s college education.
On February 22, 1994, the husband filed a motion to set aside, alter, amend, or correct the divorce judgment or, in the alternative, to modify the divorce judgment so as to set his child support obligation in compliance with the child support guidelines of Rule 32, Ala.R.Jud.Admin., and to show a no-fault ground of divorce.
On March 30, 1994, the wife filed a motion for summary judgment. On April 12, 1994, the husband filed an affidavit in opposition to the wife’s motion. On April 13, 1994, the husband amended his motion, seeking relief pursuant to Rule 60(b), A.R.Civ.P., from the divorce judgment. On April 27, 1994, the trial court entered an order granting the wife’s motion for summary judgment and denying the husband’s motion.
*220 The husband appeals, arguing that the trial court abused its discretion in denying his Rule 60(b) motion.
“Rule 60(b) is an extraordinary remedy that is permitted only in exceptional circumstances when the moving party can show the trial court sufficient equitable grounds for relief.” Norfolk v. Wynn, 581 So.2d 848, 850 (Ala.1991) (citations omitted). Rule 60(b), A.R.Civ.P., provides:
“On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
The grant or denial of a Rule 60(b) motion is within the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of that discretion. Norfolk, supra.
The husband argues that his Rule 60(b) motion should have been granted because the parties’ agreement and the divorce judgment failed to comply with Rule 32, Ala.R.Jud.Admin., and because, he says, the agreement of the parties was unjust or inequitable. Rule 32 as amended effective October 4, 1993, states in pertinent part:
“(A) Child Support Guidelines Established .... There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record indicating that the application of the guidelines would be unjust or inappropriate shall be sufficient to rebut the presumption if the finding is based upon:
“(i) A fair, written agreement between the parties establishing a different amount and stating the reasons therefor....”
The husband was not represented by counsel when the parties entered into the agreement or when the trial court entered the divorce judgment. The agreement of the parties was drafted by the wife’s counsel. The “child support guidelines form” (Form CS—42) prepared and submitted to the trial court by the wife’s counsel states that the husband’s child support as established by the guidelines would have been $707.48 per month. The husband testified by affidavit that he had not been shown that form and that he had signed the “notice of compliance form” (Form CS—43) because it stated that the child support guidelines had been followed and applied. The father also stated that he would not have agreed to pay $1200 per month child support, in addition to $230 per month school tuition, if he had known that $1200 was not the amount established by the child support guidelines.
The agreement of the parties provided, in part:
“The parties agree that the husband shall pay to the wife as child support for the minor children ... the sum of Two Hundred Seventy-Nine Dollars per week for a total of One Thousand Two Hundred Dollars ($1,200.00) per month said child support to commence on the first Friday after any decree is signed in this cause and continue in a like sum payable on each Friday thereafter. Said child support shall be made through the office of the Circuit Clerk of Colbert County, Alabama and an Income Withholding Order shall be issued. Said child support shall be paid for the maintenance of said minor child[ren] until the youngest child reaches the age of majority, [marries, or dies,] or until the [support] is terminated or modified by the Order of this Court.”
*221 Clearly, the parties’ written agreement did not comply with Rule 32(A)(i), A.R.Jud.Ad-min., because it failed to state the reasons for establishing child support in an amount different from the amount established by the guidelines. Additionally, the trial court did not make “[a written finding] on the record that the application of the [child support] guidelines would be unjust or inequitable” so as to rebut the presumption of correctness of the child support established by the guidelines.
Accordingly, we hold that the husband presented sufficient equitable grounds for relief from the divorce judgment and, therefore, that the trial court abused its discretion in denying the husband’s Rule 60(b) motion. The judgment is reversed and this cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
YATES, J., concurs.
THIGPEN, J., dissents.