INGRAM, Justice
(dissenting).
The majority quashes the writ of certiorari as improvidently granted. I must dissent.
As Judge Thigpen wrote in his dissent in this case, the issue on appeal concerns only the denial of a motion made pursuant to Rule 60(b), Ala.R.Civ.P. See Lowery v. Lowery, 664 So.2d 219, 221 (Ala.Civ.App.1994).
The law on this subject is clear. The trial court is granted a presumption of correctness in ruling on a Rule 60(b) motion, and its ruling should not be reversed on appeal absent an abuse of discretion by the trial court. Ex parte W.J., 622 So.2d 358 (Ala.1993). An appeal from the denial of a Rule 60(b) motion does not bring up for review by the Court of Civil Appeals or this Court the correctness of the final judgment the appellant seeks to set aside. Rather, the appellate court is limited to reviewing the correctness of the denial of the Rule 60(b) motion. Raine v. First Western Bank, 362 So.2d 846 (Ala.1978). The final judgment is not brought up for review. Only the postjudgment history is relevant to this appeal. See Post v. Duffy, 603 So.2d 1070 (Ala.Civ.App.1992).
Here, the father and mother were divorced by the Colbert Circuit Court on November 22, 1993. The father agreed with his wife to an amount of child support before the mother hired an attorney. The mother then retained an attorney and had the necessary paperwork prepared. The father signed the divorce agreement, agreeing to pay $1,200 per month in child support, as well as tuition to a private school for the minor children. Some 90 days after the final judgment of divorce was entered, the father filed an untimely Rule 59(e) motion asking the court to set aside the judgment or to modify the amount of child support. The father then attempted to convert his untimely motion to a Rule 60(b) motion. The mother objected, arguing that this motion was also improper because the husband had failed to allege the necessary grounds as required by the rules and, thus, that the motion should be denied. Once again, the father amended his motion.
The father admitted during his deposition that he had not wished to hire an attorney to examine the divorce agreement before he signed it and that he did execute an affidavit of nonrepresentation, and he reiterated in deposition that he understood the contents of the affidavit.
The mother then filed a motion for summary judgment, which was granted by the trial court after a hearing. However, the Court of Civil Appeals held that the father had presented equitable reasons for the granting of the Rule 60(b) motion, based on the fact that the divorce agreement did not state a reason for deviating from the Rule 32, Ala.R.Jud.Admin., child support guidelines and the trial court did not make on the record a written finding that the application of the guidelines would be inequitable or unjust.
I have reviewed this record and have examined Rule 32 concerning the child support guidelines, and I cannot agree with the Court of Civil Appeals. The father chose not to be represented by an attorney, and he testified that he knew what he was signing. He then used a Rule 60(b) motion to get relief from his own calculated and deliberate choices regarding his moral obligation to provide for his minor children. He presented nothing to demonstrate why he could not have properly and timely sought relief. In other words, he failed to take the necessary legal steps to protect his own interest and is now attempting to use Rule 60(b) to avoid the effect of his failure to take the legal steps he was supposed to take. In my opinion, as well as Judge Thigpen’s, this is simply not the purpose of the relief allowed by Rule 60(b). The father’s lack of diligence during the divorce proceedings does not relieve him of his duty *223 to take necessary legal steps to protect his own interests.
I also disagree with the conclusion of the Court of Civil Appeals that “[cjlearly, the parties’ written agreement did not comply with Rule 32(A)(i), A.R.Jud.Admin., because it failed to state the reasons for establishing child support in an amount different from the amount established by the guidelines.” 664 So.2d at 221. Although I am aware of the specific provision that the Court of Civil Appeals is citing, I am not so convinced, from reading Rule 32 as a whole, that the intent of the rule is to completely do away with a written agreement between the parties, even if it does not expressly list the reasons it is deviating from the guidelines. It is very possible that for reasons quite personal to the parties, they have purposefully chosen not to specify all the reasons why they may have privately chosen to handle their divorce in this manner.
Nevertheless, agreeing with Judge Thig-pen’s dissent, I find no exceptional circumstances to warrant the requested relief, and I find no abuse of the trial court’s discretion in that court’s denying the father’s motion. I would reverse the judgment of the Court of Civil Appeals; I think the judgment of the trial court should be affirmed.
HOUSTON and KENNEDY, JJ., concur.