I believe that the trial court abused its discretion by not including the mother's miscellaneous, non-employment income in calculating the parties' child support obligations.
As the majority notes, this appeal concerns three child support determinations based on three separate time periods. The record reflects that the parties' income only exceeded the uppermost level of the Rule 32 schedule during the third time period. The trial court completed three separate forms in computing the three child support awards and noted only on the form for the third time period that it was able to use its discretion in computing the award. Indeed, the trial court was also aware that it must abide by the Rule 32 guidelines in computing the other two awards, as the parties' income did not exceed the uppermost level of the schedule during the applicable time periods.
Rule 32 mandates that income earned from rental properties be included as self-employment income. See Rule 32(B)(3), Ala. R. Jud. Admin. It is undisputed that the trial court refused to consider this income when computing the child support awards. The trial court had discretion not to consider this income only as to the third child support award.
I am not as willing as the majority to break with this court's recently established precedent regarding the non-discretionary nature of the Rule 32 guidelines. See Loweryv. Lowery, 664 So.2d 219 (Ala.Civ.App. 1994), writ quashed,664 So.2d 221 (Ala. 1995); Gazipura v. Gazipura, 652 So.2d 266
(Ala.Civ.App. 1994); State ex. rel. Walley v. Walley,601 So.2d 1041 (Ala.Civ.App. 1992); Kelly v. Kelly, 599 So.2d 49, (Ala.Civ.App. 1992), appeal after remand 624 So.2d 601
(Ala.Civ.App. 1993), cert. denied 624 So.2d 603 (Ala. 1993).
I would reverse that portion of the trial court's judgment awarding child support; therefore, I must respectfully dissent. *Page 147