BUDDY OLIVER v. THE STATE.

No. 11878. Delivered June 28, 1928.

The opinion states the case.

*Berry, Stokes, Warlick & Gossett* of Vernon, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing equipment for the manufacture of intoxicating liquor, punishment being two years in the penitentiary.

The indictment contained three counts, the first charging the unlawful manufacture of intoxicating liquor; the second charging possession of "equipment" for the manufacture of such liquor, and the third charging possession of intoxicating liquor for the purpose of sale. The third count was withdrawn from the jury's consideration, the first and second counts only being submitted. The verdict returned specifically acquitted appellant under the first count, and found him guilty under the second count.

The facts may be sufficiently and briefly stated in order to make clear our discussion of the questions of law involved, as follows: Officers armed with a warrant authorizing the search of a certain large barn, secreted themselves some five or six hundred yards therefrom in the afternoon and by the aid of field glasses watched the barn until night. About eleven o'clock that night two trucks passed near the officers going in the direction of the barn. The parties driving the trucks remained at the barn perhaps two hours and upon their return were stopped by the officers at a point about a mile and a half from the barn. Appellant was driving one of the trucks which had on it six empty gasoline barrels. The other truck driven by Quincy County, was loaded with seventy gallons of whiskey. At the time they were arrested Couch said the truck driven by appellant belonged to him (Couch.) Couch also said the whiskey belonged to him (Couch). Appellant told the officers that he had carried some gasoline and some "chuck" to the still. Appellant and Couch

were left at a house near the point of arrest and the officers went to the barn. Appellant told the officers they would find five men at the barn, which was ascertained to be true. The outfit found in the barn consisted of two complete stills, copper coils, cooling tanks, and all the other paraphernalia necessary to operate a still; there were also some large vats, about fifteen or twenty barrels of mash, ten or twelve barrels of molasses, and several sacks of bran. It seemed to be a tremendous outfit, constituting three or four truck loads. The burners for cooking the mash were run by gasoline. Upon the trial there was no evidence of any kind introduced by the state showing that appellant did anything at or about the still during the two hours he remained there. Appellant testified that he had been employed by one Handley to do some hauling for which he was paid ten dollars a day; that under such employment appellant had hauled groceries, sugar, gasoline and anything else Handley had directed him to haul to where the still was being operated; he said they had attempted to get him to haul whiskey away from the still but knowing that to be against the law he had refused to do so; that most of his trips to the still were made at night; that he knew they were manufacturing whiskey and were using the gasoline and other supplies he was taking to them for that purpose. Appellant also testified that after he reached the still on the night in question he unloaded the gasoline from his truck with the aid of some of the parties there, then loaded up with the empty gasoline barrels and started away. So far as the testimony presented by the state or that given by appellant shows, the only connection the latter had with the still was the hauling of "material" and "supplies" to be used in the manufacture of whisky, and groceries for the use of those connected with that enterprise.

Appellant presented written objection to the court's charge because it failed to define the phrase "equipment for manufacturing intoxicating liquor." Under the facts of this case we think it unquestionably necessary that such an instruction should have been given. Article 666 P. C. makes it an offense, among other things, for one to "possess * * * or transport * * * any *equipment,* still, mash, *material, supplies,* device or other thing for manufacturing" intoxicating liquor. By the language used the Legislature seems to have had in mind a distinction existing between "equipment" and "materials" and "supplies." This distinction is very clearly set out in Corpus Juris, Vol. 20, page 1301, and the notes under the text found under the head of "Equipment." It will be remembered that

appellant was not charged with possession or transportation of "material" or "supplies" for the manufacture of intoxicating liquor, but was charged only with possessing "equipment" therefor. In United States Rubber Company of California v. Washington Engineering Company, et al., (Wash.) 147 Pac. 706, also reported in L. R. A., 1915 F at page 951, the distinction between the terms "equipment," "material" and "supplies" is very fully considered. The conclusion there reached is that "materials" include such articles as enter into and form a part of the finished product; while "equipment" imports "the outfit necessary to enable the contractor to perform the agreed service, the tools, implements and appliances which might have been previously used or might be subsequently used by the contractor in carrying on other work of like character." Applying this meaning of the term "equipment" in the present case it would include the boiler, furnace, coils, cooling apparatus and other appliances which could have been previously used to manufacture intoxicating liquor or which might be subsequently used for the same purpose. "Material" would include such articles as molasses, bran, chops or other ingredients which actually went into the making of the finished product. Again quoting from the Washington case, it is said:

"A 'supply' would be any article furnished for carrying on the work which from its nature is necessarily consumed by use in the work, while 'equipment' would consist of those articles that are not necessarily consumed but which may survive the particular work and may be further used on some work of like character."

Under some phases of the law of principals appellant may have been guilty of manufacturing intoxicating liquor, but the jury has expressly acquitted him of that charge. To our minds it is extremely doubtful if the evidence sufficiently connected appellant with the apparatus used in the manufacture of whiskey to make him guilty as a principal under a charge of possessing "equipment." His own evidence and that of the officers show that he had been transporting "supplies" and "material" to be used in the manufacture of intoxicating liquor and of course was in possession of such "material" and "supplies" during the time of its transportation, but he could not be convicted for the possession or transportation of such "material" or "supplies" under an indictment which alleged only the possession of "equipment." Under the circumstances presented in the present record it was error for the court to decline to give the jury some definition of "equipment" in order that they might intelligently determine the question submitted to them.

Other matters presented for consideration will not occur upon another trial and hence discussion of them is pretermitted.

For the error discussed the judgment must be reversed and the cause remanded.

*Reversed and remanded.*