**CITIZENS NATIONAL BANK OF TEMPLE, Appellant,**

v.

**James E. BAGGERLY, Appellee.**

**No. 13585.**

Court of Appeals of Texas, Austin.

April 20, 1983.

William T. Wilson, Prescott, Greenfield, Mewhinney & Wilson, Temple, for appellant.

Jerry W. Scarbrough, Killeen, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Citizens National Bank of Temple appeals the trial court's judgment denying it fore-

closure on its alleged security interests held in appellee's personal property.

We reverse the trial court's judgment and remand the cause for further proceedings in accordance with this opinion.

On July 5, 1977, appellee borrowed $3,385 from appellant bank for the purchase of a 1976 Ford LTD automobile. Both parties entered into a security agreement in which they agreed that the Ford LTD would serve as collateral for the $3,385 note. On June 1, 1978, appellee borrowed $6,900 from appellant bank for the purchase of a 1972 Champion motor home. Both parties entered into another security agreement in which they agreed that the motor home would serve as collateral for the $6,900 note. On November 6, 1978, appellee borrowed $2,500 from appellant bank for the purchase of a 1975 Chevrolet pick-up truck. Both parties entered into a third security agreement in which they agreed that this third vehicle would serve as collateral for the $2,500 note.

The first and third notes, secured respectively by the 1976 Ford LTD automobile and the 1975 Chevrolet pick-up truck, were subsequently paid in full by appellee. However, appellee defaulted on the second note secured by the 1972 Champion motor home. Appellant bank repossessed, foreclosed, and sold the motor home to pay off the debt owed. After applying the proceeds of the sale to the debt, the bank discovered that a deficiency still existed. Appellant bank then sought to judicially foreclose its alleged security interests held in the 1976 Ford LTD automobile and the 1975 Chevrolet pick-up truck pursuant to the "future indebtedness" clause contained in the first two security agreements—securing appellant's loan of $3,385 to appellee for the purchase price of the 1976 Ford LTD automobile, and appellant's loan of $6,900 to appellee for the purchase price of the 1972 Champion motor home. This "future indebtedness" clause stated:

> After acquire [sic] property shall be subject to the security interest. Future indebtedness is or may be secured by such property. This Security Agreement se-

cures all other indebtedness to bank whether direct or indirect and whenever accrued.

Appellee, as defendant below, answered that the 1976 Ford LTD automobile and the 1975 Chevrolet pick-up truck were not subject to appellant bank's power to foreclose on the debt owed on the $6,900 note since the vehicles were "consumer goods," and as such protected by Tex.Bus. & Com.Code Ann. § 9.204(b) (Supp.1982). This section states:

> No security interest attachs under an after-acquired property clause to *consumer goods* other than accessions (Sec. 9.314) when given as additional security unless the debtor acquires rights in them within ten days after the secured party gives value. [emphasis added]

At trial before the court, held primarily on stipulated facts, the trial court entered judgment against appellee, as defendant below, in the sum of $2,280.17 plus pre-judgment interest; $615 reasonable attorneys' fees; and costs of court in appellant bank's, as plaintiff below, suit for the deficiency still owed it after the sale of the 1972 Champion motor home. However, the trial court denied appellant bank the right to foreclose upon appellee's 1976 Ford LTD automobile and his 1975 Chevrolet pick-up truck, which denial is the focal point of this appeal.

Appellant bank contends such denial of its contractual relief is error since such relief was "contemplated" by both parties. Appellee contends such denial was proper since the vehicles were purchased as "consumer goods," and therefore, since appellee had not acquired an interest in either vehicle within ten days of appellant bank giving value—lending appellee the $6,900 for the 1972 Champion motor home—appellant bank has no security interest in the vehicles to foreclose.

We hold that the status or quality of the vehicles, as defined by Tex.Bus. & Com.Code Ann. § 9.109 (Supp.1982), is a material issue of fact. *Grimes v. Massey Ferguson, Inc.,* 355 So.2d 338 (Ala.1978).

As such, it seems only reasonable that some evidence be introduced to prove the property's status. In making such proof, "the principle use to which the property is put should be considered as determinative" in establishing whether the property is "consumer goods," "equipment," "farm products," or "inventory." *See* Tex.Bus. & Comm.Code Ann. § 9.109, Official Comment 2 (Supp.1982); *In re Leasing Consultants, Inc.,* 486 F.2d 367 (2nd Cir.1973); *Grimes v. Massey Ferguson, supra.*

Since *no* evidence was introduced as to the nature of the property, we remand the cause for the determination as to the nature or status of the property as defined by Tex.Bus. & Com.Code Ann. § 9.109 (Supp. 1982). We are unable to hold as a matter of law that these vehicles were used primarily for "personal, family, or household purposes"; and therefore, "consumer goods," protected by Tex.Bus. & Com.Code Ann. § 9.204 (Supp.1982), since these vehicles could have conceivably been used by appellee as "equipment" or "inventory."

We cannot evaluate the trial court's order in denying appellant bank's contractual relief without knowing the actual nature of the two vehicles appellant bank seeks to foreclose upon. Accordingly, this cause is remanded for a new trial for the determination of the property's classification. *See Everett National Bank v. Deschuiteneer,* 109 N.H. 112, 244 A.2d 196 (N.H.1968).

The trial court's judgment is reversed and the cause is remanded for a new trial in accord with this opinion.