704 S.W.2d 442 (1986)
UNICUT, INC., Appellant,
v.
TEXAS COMMERCE BANK-CHEMICAL, Appellee.
No. C14-85-258-CV.
Court of Appeals of Texas, Houston (14th Dist.).
January 9, 1986.
Rehearing Denied February 6, 1986.
*443 David F. Beale, Houston, for appellant.
Larry Huelbig, Houston, for appellee.
Before JUNELL, ROBERTSON and CANNON, JJ.

OPINION
CANNON, Justice.
Unicut, Inc. (Unicut) appeals a summary judgment in favor of Texas Commerce Bank-Chemical (Texas Commerce) granting Texas Commerce, pursuant to a security agreement between Texas Commerce and Unicut, possession of certain of Unicut's property. Unicut brings eight points of error, the essence of which challenge (1) the specificity of the collateral description in the security agreement; (2) the specificity of the judgment's description of property subject to execution; (3) the description of property in the judgment because it varies with the description of property in the motion for summary judgment; (4) the appellee's prayer for relief because it does not pray for possession of property; and (5) the appellee's motion for summary judgment because it does not state the basis for the summary judgment. We overrule Unicut's points of error and affirm.
In 1983 Unicut executed five promissory notes and five security agreements. By mid-1984, each of the promissory notes was in default. In June 1984, Texas Commerce filed its First Amended Application *444 for Writ of Sequestration and Plaintiff's Original Petition. It sought a writ of sequestration, a temporary injunction ordering the sheriff or constable to possess Unicut's inventory or ordering Unicut to tender proceeds of the inventory to the registry of the court, a judgment declaring Texas Commerce's security interest valid and covering all of the described collateral, not just Unicut's inventory, and foreclosure on this collateral.
On August 30, 1984, Texas Commerce moved for summary judgment. The trial court granted Texas Commerce's motion concerning four of the promissory notes but severed proceedings on the fifth note. The present appeal concerns only the summary judgment on the four promissory notes.
Unicut first challenges the security agreement's description of the collateral. Unicut asserts that the description is not specific enough to grant to Texas Commerce a security interest in any of Unicut's property. A security agreement is not enforceable and does not attach to collateral unless (1) value has been given, (2) the debtor has rights in the collateral, and (3) the collateral is in the secured party's possession or the debtor has signed a security agreement which contains a description of the collateral. Tex.Bus. & Comm.Code Ann. § 9.203(a) (Vernon Supp.1985). Any description of personal property is sufficient for the purposes of section 9.203 if it "reasonably identifies" the property. Tex.Bus. & Comm.Code Ann. § 9.110 (Vernon Supp.1985).
The parties have alerted us to none and our research has found no Texas cases analyzing the specificity of description required to create a security interest. Other jurisdictions divide on the issue. See Annot., 100 A.L.R.3d 940 (1980). We agree with and adopt the standard put forward in the official comment to section 9.110: "The test of sufficiency of a description laid down by this section is that the description do the job assigned to itthat it make possible the identification of the thing described." Tex.Bus. & Comm.Code Ann., § 9.110 1972 official U.C.C. comment (Vernon Supp.1985) (emphasis added).
Under this standard we find the present description sufficient. Each security agreement, entitled "Security Agreement-Inventory", provides the following description of collateral:
[A]ll goods, merchandise, raw material, goods in process, finished goods, and other tangible personal property of whatever nature now owned by Debtor or hereafter acquired, and held for sale or lease or furnished or to be furnished under contracts of service or used or consumed in Debtor's business and accessions and appurtenances thereto, and all Accounts, Chattel Paper and general intangibles for any of the foregoing (hereinafter collectively called the "Collateral") and all proceeds of the Collateral.
At any time it is possible to determine whether a given piece of Unicut's property is subject to Texas Commerce's security interest. Identification is possible especially since the parties here are in privity. See River Oaks Chrysler-Plymouth v. Barfield, 482 S.W.2d 925, 928 (Tex.Civ.App.Houston [14th Dist.] 1972, writ dism'd). We overrule Unicut's first point of error.
Unicut complains in its second through fifth points of error that Texas Commerce identified no specific items of property subject to the security interest. For this reason, argues Unicut, Texas Commerce's petition and motion for summary judgment are insufficient to support a summary judgment and the judgment is void and unenforceable. Unicut's only authority for this position is Citizens National Bank of Temple v. Baggerly, 649 S.W.2d 812 (Tex.App.Austin 1983, no writ). However, Baggerly merely holds that when a secured party attempts to foreclose on a particular item of property, the secured party must prove that the item of property is subject to the secured party's security interest. The Baggerly court reversed the bank's summary judgment allowing foreclosure of its interest in a Ford LTD and a Chevrolet Pick-up Truck. The bank's security *445 interest would attach only if the vehicles could be considered other than "consumer goods". The bank provided no evidence on how the vehicles were being used. Therefore, Baggerly does not stand for the proposition that all summary judgment foreclosure proceedings must pertain to and elicit evidence of specific items of property. We have found no authority which so holds. We refuse to adopt such a rule because the parties know the terms of their security agreement and can discern which property is subject to the secured party's security interest.
Accordingly, we find the present judgment enforceable. Before the debtor relinquishes possession of any property the debtor and the secured party can determine between themselves which of the debtor's property, if any, may be considered, for example, "goods held for sale or lease", and thus subject to the security interest. And if they conflict on whether property designated by the secured party is subject to the security interest, a constable, at the instance of the secured party, could levy on the property in dispute. Tex.R.Civ.P. 637 (Vernon 1967). Of course, the constable could require the secured party to offer a bond to indemnify him should the attachment prove wrongful. Bryan v. Bridge, 6 Tex. 137, 143 (1851). Thus, a mechanism exists by which a secured party may exert its rights in the debtor's property and by which the debtor's rights in that property may be protected. We overrule Unicut's points of error two through five.
In its sixth point of error Unicut argues that we should reverse the summary judgment because the judgment is at variance with the Motion for Summary Judgment in its description of the property awarded Texas Commerce. The prayer requests "foreclosure upon the collateral." The judgment recites the collateral as:
All goods, merchandise, raw material, goods in process, finished goods, and other tangible personal property of whatever nature of Unicut, Inc., and held for sale or lease or furnished or to be furnished under contracts of service or used or consumed in the business of Unicut, Inc., and all accessions and appurtenances thereto, and all accounts, chattel paper and intangibles for any of the foregoing and all proceeds of such collateral....
The judgment language is nearly identical to that in the security agreements, which language is set forth above. The security agreements are incorporated by reference in Texas Commerce's Motion for Summary Judgment. We find no material variance between the description of the collateral in the Motion for Summary Judgment and the Judgment. Unicut's sixth point of error is overruled.
Unicut's seventh point of error challenges the judgment because it awards Texas Commerce possession of the collateral although Texas Commerce prayed only "for a foreclosure upon the collateral ..." (emphasis added). Unicut construes Texas Commerce's request as a request for foreclosure by judicial sale only. Unicut cites Hubbard v. Lagow, 576 S.W.2d 163 (Tex.Civ.App.Austin 1979, writ ref'd n.r.e.) in support of this position. In Hubbard the plaintiff was awarded possession of the collateral after praying for foreclosure of its security interest "together with an appropriate order of sale." 576 S.W.2d at 166. The Court of Appeals noted that although a secured party is entitled to seek possession of the collateral through the judicial process, the secured party there specifically requested an order of sale instead of possession of the property. Texas Commerce nowhere requested judicial sale. Foreclosure by private sale remained available. Tex.Bus. & Comm.Code Ann. art. § 9.504(a) (Vernon Supp.1985). When a secured party anticipates difficulty in obtaining possession of the property, he may obtain judicial process to aid in effecting possession. Tex.Bus. & Comm.Code Ann. § 9.503 (Vernon Supp.1985); Hubbard at 165. Texas Commerce twice requested possession to no avail. In these circumstances Texas Commerce could have specifically requested the court's assistance in obtaining possession. Although Texas *446 Commerce's prayer is not specific, we find its general request for foreclosure, in the absence of a limiting request for order of sale, includes a request for possession. We overrule Unicut's seventh point of error.
In its eighth point of error Unicut asserts that Texas Commerce did not state in its motion for summary judgment the basis for its motion. Unicut argues that the motion "simply summarizes the lawsuit, states that [Texas Commerce] wants a summary judgment for principal, interest and attorney's fees (as well as a foreclosure against its collateral), that Defendants take nothing on their counterclaims, and that there is no material issue of fact." We cannot agree. Texas Commerce's motion consists of 82 pages. The first three pages summarize the elements of Texas Commerce's case. The following 79 pages, Mr. Murphy's affidavit, set forth its proof. The motion states:

I.
This is a suit upon five promissory notes executed by Unicut, Inc., personally guaranteed by Walter Grebes and payable to Plaintiff. Each promissory note is additionally guaranteed by all of Unicut, Inc.'s inventory (primarily lathes), equipment, accounts receiveable and the proceeds therefrom, the security interests in such collateral all being duly and timely documented and recorded. All promissory notes are now six or seven months past due.

IV.
This motion is supported by the affidavit of Michael Murphy, Chairman of the Board of Plaintiff, which affidavit is attached hereto and incorporated herein for all purposes. Plaintiff also incorporates herein by reference its First Amended Application for Writ of Sequestration and Plaintiff's Original Petition.
The motion and affidavit establish each element of Texas Commerce's claim: Texas Commerce is the owner and holder of the notes; Unicut is the maker; the notes are in default; a specific amount is due under each note; and Texas Commerce owns a security interest in Unicut's property. All facts in Mr. Murphy's affidavit would be admissible into evidence. We overrule Unicut's eighth point of error.
Summary judgment affirmed.