OPINION
ROBERTSON, Justice.
The jury rejected appellant’s not guilty plea to burglary of a building, found he had been previously convicted of a felony and assessed punishment at confinement for ten years. Issues on appeal concern the sufficiency of the evidence, variance between the allegations of the indictment and the proof, sufficiency of the indictment and whether trial was barred by the speedy trial act. We affirm.
In his first and second grounds of error appellant challenges the sufficiency of the evidence to sustain the allegation of the indictment that appellant entered a “building not then open to the public.” The undisputed evidence shows that the complaining witness owned a thirty-one foot Airstream trailer which was parked on rural property and which he used as a “hunting camp” when hunting and fishing. The evidence shows that the trailer was designed for living and contained a refrigerator, stove, sink, beds, closets, etc.. Photographs of the trailer were introduced before the jury and are in the record before us. The complainant left hunting clothing in the closet and some food items in the refrigerator and cabinets. The evidence was sufficient to show that appellant, an escapee from a nearby prison, broke out a window to the trailer, entered and took a pair of insulated hunting boots, clothing, a flashlight and some food stuffs.
Appellant argues that the evidence fails to show the trailer is a building as alleged, but then concedes that “the state may have proved burglary of a habitation under the facts shown in this case.” We do not understand his reasoning. Section 30.01 of the Penal Code defines a “building” as any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use. Tex.Penal Code Ann. § 30.01 (Vernon 1974). Clearly the trailer was “intended for use or occupation as a habitation” and was so used — at least occasionally. It appears to be appellant’s position that if the indictment alleges burglary of a “building” and it is proved that the burglarized structure is a “habitation” this would create a fatal variance. We do not agree. The distinction under the former penal code between daytime and nighttime burglaries has been eliminated by the 1974 Penal Code. Jones v. State, 532 S.W.2d 596 (Tex.Crim.App.1976). Burglary of a building is a lesser included offense of burglary of a habitation where the proof shows an enclosed structure. Jones at 601. The greater offense necessarily includes all *448 the lesser included offenses whether each of their constituent elements is alleged in the wording of the indictment. Allison v. State, 618 S.W.2d 763 (Tex.Crim.App.1981). The testimony of the complainant that he had left the trailer in a locked condition shortly before it was shown the trailer was forcibly broken into, along with the pictures of the trailer, clearly show the trailer was an “enclosed structure intended for use as a habitation”, that being one of the definitions of a building. Further testimony clearly shows the trailer was not then open to the public. There is sufficient evidence to sustain the allegation of the indictment that appellant entered a “building not then open to the public.” Appellant’s first two grounds are overruled.
In his third ground, appellant contends the court erred in denying his motion to quash the indictment on the ground that it failed to allege “an appropriate mental state.”
Omitting its formal parts, the indictment alleged appellant “did intentionally and knowingly enter a building not then open to the public located west of FM 521, Brazoria County, Texas, owned by Gerald Pratt, without the effective consent of said owner, and therein attempted to commit and committed theft.” Appellant acknowledges that Davila v. State, 547 S.W.2d 606 (Tex.Crim.App.1977) is contrary to his contention but attempts to distinguish it. We fail to discern any basis for distinction. The allegations of the indictment there were, in substance, identical to those here. The indictment alleged the accused intentionally and knowingly entered a building not then open to the public owned by the named complainant without his effective consent “and did then and there commit theft.” In both that case and the present case the indictment was drawn under the provisions of Article 30.02(a)(3) providing that one is guilty of burglary who, without the effective consent of the owner, enters a building or habitation and “commits or attempts to commit a felony or theft.” Tex. Penal Code Ann. § 30.02(a)(3) (Vernon 1974). Addressing the sufficiency of the allegations of the indictment the court there stated:
We hold that an indictment charging burglary under V.T.C.A. Penal Code, Sec. 30.02(a)(3) may allege that the accused committed theft or a named felony; or attempted to commit theft or a named felony; or it may allege each of the essential elements of theft or the felony in question. Davila, 547 S.W.2d at 609.
Appellant’s third ground is overruled.
In his fourth ground, appellant contends the court erred in denying his motion to dismiss because the state had failed to comply with the Speedy Trial Act. At the time of appellant’s escape from the penitentiary on March 5, 1984, he was confined on a life sentence. He was recaptured the following day, March 6th, 1984, and returned to the penitentiary from which he escaped. According to the evidence heard by the court on the motion to dismiss, criminal charges were never filed against appellant for either the escape, this burglary or the burglary of another trailer where appellant was arrested. The grand jury returned an indictment charging this offense on September 5, 1984. On September 12, 1984, the state announced ready for trial. Appellant filed a motion to dismiss on October 25, 1984 and appellant’s trial began December 3, 1984. Appellant argues that this criminal action “commenced” when he was recaptured on March 6th and returned to confinement. We do not agree.
Again, appellant’s able counsel acknowledges a prior opinion of this court, contrary to his position, which he attempts to distinguish. Garcia v. State, 625 S.W.2d 431 (Tex.App.-Houston [14th Dist.] 1981, pet. ref’d). Again, we fail to understand any significant distinguishing factors. The Speedy Trial Act provides that the criminal action commences when a charging instrument is filed in court, unless prior thereto the defendant is detained in custody “for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.” Tex. Code Crim.Proc.Ann. art. 32A.02 (Vernon *449 Supp.1986). This record fails to show that appellant was in custody for this “offense or any other offense arising out of the same transaction.” It shows to the contrary that he was returned to custody to continue to serve the original life sentence for which he was in custody when he escaped. Under these circumstances the criminal action did not “commence” until the indictment was filed on September 5, 1984. The trial, itself, was conducted well within the 120 day limit. The fourth ground is overruled.
The judgment is affirmed.