**FIRST COLORADO BANK & TRUST, N.A., Plaintiff–Appellant,**

v.

**PLANTATION INN, LTD., a Colorado Limited Partnership, Intervenor–Appellee.**

**No. 87CA0592.**

Colorado Court of Appeals, Div. II.

Dec. 22, 1988.

Craig Ferguson, Boulder, for plaintiff-appellant.

Holme Roberts & Owen, John R. Webb, Denver, for intervenor-appellee.

METZGER, Judge.

In this replevin action between two secured creditors, the dispositive issue is whether furniture and other personal property used in a motel restaurant, lounge, and guest rooms constitute inventory as defined by § 4-9-109(4), C.R.S., or are equipment as defined by § 4-9-109(2), C.R.S. We agree with the trial court's determination that they are equipment and, therefore, affirm.

On December 14, 1981, intervenor, Plantation Inn, Ltd., sold a Denver motel to Denco Investments, Ltd., and Denco executed a promissory note and security agreement in favor of Plantation Inn. The collateral listed in the security agreement included: "All debtor's fixtures ... equipment, inventory, furniture and personal property located on or used in connection with the business...." Plantation Inn filed its financing statement on December 22, 1981, with the Denver County Clerk and Recorder, but did not file its financing statement with the Secretary of State until October 2, 1986.

Thereafter, on January 16 and 28, 1985, Denco executed two promissory notes in favor of plaintiff, First Colorado Bank and Trust (the bank). The January 16 note was secured by two security agreements which had been previously executed on February 15, 1983. On January 28, Denco executed two additional security agreements. Each of the agreements granted the bank a security interest in all inventory of the motel. The bank filed these financing statements on February 24, 1983, and February 21, 1985, with the Secretary of State.

Subsequently, Denco defaulted on the promissory notes executed in favor of the bank, and the bank initiated this replevin action in January 1987. Early in the proceedings, the trial court granted Plantation Inn's motion to intervene.

After a hearing, the trial court found that the motel's furniture, furnishings, and kitchen equipment were equipment and not inventory. The trial court entered judgment in favor of Plantation Inn, ruling that its security interest in the motel's goods was superior to that of the bank because the bank's security interest covered only inventory and made no mention of equipment. This appeal followed.

Section 4-9-109(2), C.R.S., provides that goods are equipment "if they are used or bought for use primarily in business ... or if they are not included in the definitions of inventory...." Inventory is defined in § 4-9-109(4), C.R.S., as goods that "are

held by a person who holds them for sale or lease or to be furnished under contract of service or if he has so furnished them, or if they are raw materials, work in process, or materials used or consumed in a business...."

■ The same property cannot at the same time and as to the same person be both equipment and inventory, § 4–9–109, C.R.S. (Official Comment 2), and a determination as to the proper characterization of the goods in question is one of fact. *Citizens National Bank v. Baggerly*, 649 S.W. 2d 812 (Tex.Ct.App.1983).

■ In ascertaining whether goods are inventory or equipment, the principal use of the property is determinative. Section 4–9–109, C.R.S. (Official Comment 2). The factors to be considered in determining principal use include whether the goods are for immediate or ultimate sale, and whether they have a relatively long or short period of use in the business. Section 4–9–109, C.R.S. (Official Comment 3).

■ Goods used in a business are equipment when they are fixed assets or have, as identifiable units, a relatively long period of use. They are inventory, even though not held for sale, if they are used up or consumed in a short period of time in the production of some end product. *In re Yeager Trucking*, 29 B.R. 131 (Bankr.D. Colo.1983).

■ The record shows that the motel furnishings and kitchen equipment had a relatively long period of use, were not held for immediate sale, and were not consumed in the production of an end product. Thus, the trial court properly found that these items constituted equipment. *See U.S. v. Baptist Golden Age Home*, 226 F.Supp. 892 (W.D.Ark.1964). Consequently, the trial court correctly entered judgment in favor of Plantation Inn, since it held the only perfected security interest in the motel's equipment.

■ Plantation Inn seeks attorney fees, asserting that this appeal is so lacking in substantive merit as to be frivolous. However, inasmuch as there was a genuine disputed issue and the bank presented a rational argument based on the evidence and the law, we decline to impose any sanctions. *See Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984).

JUDGMENT AFFIRMED.

SMITH and MARQUEZ, JJ., concur.