The Honorable Carol Beggs State Representative, 71st District P.O. Box 1222 Salina, Kansas 67402-1222
Dear Representative Beggs:
You request our opinion regarding classification of certain items of personal property for purposes of taxation. Specifically, you question whether "beds, sheets, forks and other items used in a commercial venture" would be considered equipment under the provisions of K.S.A. 1995 Supp. 79-1439(b)(2)(E).
K.S.A. 1995 Supp. 79-1439(b)(2) provides in part:
 "Personal property shall be classified into the following classes and assessed at the percentage of value prescribed therefor:
. . . .
 "(E) commercial and industrial machinery and equipment which, if its economic life is seven years or more, shall be valued at its retail cost when new less seven-year straight-line depreciation, or which, if its economic life is less than seven years, shall be valued at its retail cost when new less straight-line depreciation over its economic life, except that, the value so obtained for such property as long as it is being used shall not be less than 20% of the retail cost when new of such property at [25%]; and
 "(F) all other tangible personal property not otherwise specifically classified at 30%."
This language parrots article 11, section 1(a) class 2(5) and (6) of the Kansas constitution. Exempt from taxation, among other items, are farm machinery and equipment, merchants' and manufacturers' inventories (other than public utility inventories), household goods and personal effects not used for the production of income and certain business machinery equipment, materials and supplies the original cost when new of which is $250 or less. Kan. const., art. 11, § 1(b); K.S.A. 1995 Supp. 79-201j; 79-201m; 79-201w.
Neither the constitution nor the statutes define "commercial and industrial machinery and equipment" for purposes of property classification, valuation and taxation. See Attorney General Opinion No.95-99. Legislative history of article 11, section 1 sheds no light on the intended meaning of these terms other than to refer to commercial and industrial machinery and equipment as business machinery and equipment and to focus on the shift from using a trending factor formula to using the straight-line depreciation method of appraisal. Minutes, Senate Committee on Assessment and Taxation, April 8, 1985, and attachments 1, 3, 4, 8 and 11. See also Note, Kansas Property Classification Amendment and Statutory Modifications, 29 W.L.J. 26 38-42, 44 (1989). We are thus left with determining the common understanding of the term. ColoradoInterstate Gas Co. v. Board of Morton County Comm'rs, 247 Kan. 654, 660
(1990).
In Attorney General Opinion No. 95-99 we concluded that "machinery and equipment must be used with the intention of producing income for it to be considered commercial and industrial." Thus, whether machinery and equipment should be classified as commercial and industrial will depend on the use to which it is put. With regard to whether beds, sheets and forks may be considered equipment when used by a business in its production of income, we believe such terms may be so considered. The term equipment has been broadly defined as "[f]urnishing, or outfit for the required purposes. Whatever is needed in equipping; the articles comprised in an outfit; equipage." Black's Law Dictionary 537 (6th Ed. 1990). See also Holtz v. Babcock, 389 P.2d 869, 874 (Mont. 1964) (equipment means the implements used in an operation or activity, or everything except personnel needed for operation or service); Polliak v.Smith, 88 A.2d 351, 353 (N.J. 1952) (equipment means that which is needful; that which is necessary). Many jurisdictions draw a distinction between equipment and supplies, materials and inventory, the latter three being items that become part of another item of property, are consumed or used up, or are held in their original state for resale. See FirstColorado Bank Trust, N.A. v. Plantation Inn, Ltd., 767 P.2d 812, 814
(Co. 1988); United States Fidelity Guaranty Co. v. FeenaughtyMachinery Co., 85 P.2d 1085, 1089 (Wash. 1939); Oliver v. State,8 S.W.2d 184, 185 (Tx. 1928). While there are no Kansas cases on point, we believe the Court would find similar distinctions in the Kansas law. K.S.A. 1995 Supp. 79-201m (inventory); 79-201w (materials and supplies); 79-1439(b)(2)(E) (machinery and equipment); K.S.A. 84-9-109 (equipment and inventory distinguished). It is our understanding that the division of property valuation agrees with this conclusion.
In summary, beds, sheets, forks and other items needed to conduct an income producing venture and that have an economic life of one year or more (conducive to the valuation method prescribed for commercial equipment) should be valued and assessed as commercial and industrial machinery and equipment as long as used for that purpose. See Attorney General Opinion No. 94-52.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm