COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-119-CV
  
  
GARY MEHAN, INDIVIDUALLY, AND                                     APPELLANTS
GARY MEHAN AUTOS & PARTS, 
INC.
  
V.
  
WAMCO XXVIII, LTD.                                                               APPELLEE
  
------------
 
FROM THE 89TH 
DISTRICT COURT OF WICHITA COUNTY
 
------------
 
OPINION
 
------------
        This 
is a dispute between two lienholders. In five issues, appellants Gary Mehan, 
individually, and Gary Mehan Autos & Parts, Inc. (together, “Mehan”) 
challenge one finding of fact and several conclusions of law related to their 
counterclaim for trespass, on which the trial court rendered a take-nothing 
judgment in favor of appellee WAMCO XXVIII, Ltd. (“Wamco”), and the 
sufficiency of the evidence supporting the trial court’s judgment ordering 
Mehan to allow Wamco to hold a sale of inventory on Mehan’s real property. We 
affirm.
Background Facts
        Mehan 
sold a tract of real property, along with inventory and equipment located on the 
property, to Best Auto Parts, Inc. ("Best"). Best obtained financing 
from both Mehan and a bank; Mehan retained a first priority security interest in 
the real property and equipment, and the bank retained a first priority security 
interest in the inventory. Conversely, Mehan obtained a second priority security 
interest in the inventory, and the bank obtained a second priority security 
interest in the equipment. Best defaulted on both loans.
        Wamco 
purchased the bank’s security interest in October 2001. In January 2002, Mehan 
sent a letter to Wamco indicating that it intended to hold a foreclosure sale on 
the real property, inventory, and equipment on February 5, 2002. Wamco responded 
with a letter claiming a superior lien on both the equipment and inventory and 
threatening to sue for an injunction to prevent the sale of the equipment and 
inventory. Wamco filed a declaratory judgment action asking that the trial court 
determine it owned a first priority security interest in both the inventory and 
equipment. Wamco also obtained a temporary restraining order prohibiting Mehan 
from foreclosing on the inventory and equipment. Wamco did not challenge 
Mehan’s right to foreclose on the real property. Mehan purchased the real 
property at the foreclosure sale on February 5.
        On 
February 18, 2002, the trial court dissolved the temporary restraining order 
against Mehan and denied Wamco’s request for a temporary injunction. On March 
20, 2002, Wamco filed an application for a second temporary restraining order, 
requesting that the trial court prevent Mehan from disposing of or transferring 
the equipment, and for the court-ordered sale of the inventory and equipment, 
requesting that it be allowed to sell the equipment and inventory at a 
nationally advertised auction to be held on the real property. The trial court 
did not issue a temporary restraining order or set a hearing for a temporary 
injunction.
        On 
April 2, 2002, Mehan foreclosed on its interest in the equipment and inventory 
and purchased both at the foreclosure sale. Wamco’s second priority security 
interest in the equipment was extinguished as a result. On April 3, 2002, Mehan 
filed a counterclaim for trespass, alleging it was entitled to rent because 
Wamco would not remove the inventory from the real property. The counterclaim 
further alleged that Mehan was entitled to a statutory landlord’s lien on the 
inventory.
        In 
written stipulations of fact filed the day of trial, Wamco admitted it no longer 
claimed an interest in the equipment[1] and limited 
its cause of action to a determination of whether it could hold a sale of the 
inventory on the real property. After a bench trial, the trial court entered 
judgment for Wamco allowing it to conduct a sale of the inventory on the real 
property[2] and a take-nothing judgment in favor of 
Wamco on Mehan’s counterclaim. The trial court filed findings of fact and 
conclusions of law in support of its judgment.
Analysis
        In 
its first two issues, Mehan challenges the trial court’s determination that 
Wamco did not have actual or constructive possession of the inventory and that 
Wamco did not trespass on Mehan’s real property by failing to remove the 
inventory at Mehan’s request. Mehan also challenges the trial court’s 
finding of fact number 45, which states that Mehan “has refused to allow a 
sale of the Inventory on the Real Property without first being paid the rent for 
use of the Real Property,” as being against the great weight and preponderance 
of the evidence. Mehan has not challenged the following findings of the trial 
court:
  
50.The Inventory has always 
remained on the Real Property.
 
51.The Real Property was 
fenced, gated, and locked and WAMCO did not have a key to the Real Property or 
other access to the Real Property without MEHAN’s prior permission.
 
52.WAMCO’s access to the 
Inventory was only with the permission of MEHAN, WAMCO never moved or took any 
of the Inventory from the Real Property, and WAMCO was never on the Real 
Property without MEHAN also being present on the Real Property.

        Unchallenged 
findings of fact are binding unless the contrary is established as a matter of 
law or there is no evidence to support the findings. McGalliard v. Kuhlmann, 
722 S.W.2d 694, 696 (Tex. 1986); Reliance Ins. Co. v. Denton Cent. Appraisal 
Dist., 999 S.W.2d 626, 629 (Tex. App.—Fort Worth 1999, no pet.). 
Conclusions of law may not be challenged for factual sufficiency, but they may 
be reviewed to determine their correctness based upon the facts. Rogers v. 
City of Fort Worth, 89 S.W.3d 265, 277 (Tex. App.—Fort Worth 2002, no 
pet.); Forbis v. Trinity Universal Ins. Co., 833 S.W.2d 316, 319 (Tex. 
App.—Fort Worth 1992, writ dism’d).
        Mehan 
contends that Wamco’s use of the judicial process in an attempt to enter the 
real property and sell the inventory and equipment constituted either actual or 
constructive possession of the inventory and equipment. But Gary Mehan testified 
at trial that Wamco’s representatives were not allowed on the real property 
without his permission and that the real property was locked and fenced. He 
further testified that he demanded Wamco remove the inventory, but it refused. 
In addition, Mehan stipulated that it was the owner of both the real property 
and the inventory. Thus, the evidence supports the trial court’s unchallenged 
findings and its conclusion that Mehan, not Wamco, had actual possession of the 
inventory and equipment.[3]
        Mehan 
further contends that Wamco had constructive possession of the property. 
“‘Constructive possession is that which exists without actual personal 
occupation of land or without actual personal present dominion over a chattel, 
but with an intent and capability to maintain control and dominion. Possession 
may, but need not, imply title.’” Blankenship v. Citizens Nat’l Bank, 
449 S.W.2d 77, 79 (Tex. Civ. App.—Amarillo 1969, writ ref’d n.r.e.) (quoting 
Rodella v. United States, 286 F.2d 306, 311 (9th Cir. 1960)).
        Wamco’s 
pleadings requested the trial court’s intervention to prevent Mehan from 
foreclosing on the inventory and equipment in order to protect Wamco’s 
interests in the property as a secured creditor. The pleadings further 
specifically requested that the trial court rule that Wamco had the ability to 
take possession of the property and sell it. Section 9.609 of the Texas Business 
and Commerce Code allows a secured creditor to take possession of collateral 
upon the debtor’s default. Tex. Bus. & Com. Code Ann. § 9.609 (Vernon 2002). Such 
possession can be accomplished without judicial intervention if the secured 
party can repossess the property without breaching the peace. Id. 
Otherwise, the secured party may utilize the judicial process to gain possession 
of the property in order to sell or dispose of it. Id.
        The 
evidence shows that Wamco could not obtain access to the inventory without 
Mehan’s permission or without attempting to break and enter onto Mehan’s 
real property. Thus, even though Wamco was entitled to repossess the inventory 
and equipment under section 9.609 because Best defaulted on its loan, Wamco did 
not have the ability to exercise control and dominion over the inventory in 
accordance with section 9.609 without the assistance of a court because it could 
not do so without breaching the peace. See Meyers v. Ford Motor Credit Co., 
619 S.W.2d 572, 574 (Tex. Civ. App.—Houston [14th Dist.] 1981, no 
writ), abrogated in part on other grounds by Qantel Bus. Sys., Inc. v. Custom 
Controls Co., 761 S.W.2d 302 (Tex. 1988). Accordingly, we hold that the 
evidence supports the trial court’s conclusion that Wamco did not have 
constructive possession of the inventory.
        Mehan 
further contends that the evidence shows Wamco was a licensee with respect to 
the inventory, that Mehan revoked Wamco’s license to keep the inventory on the 
property on April 5, 2002, and that once the license was revoked and Wamco 
failed to remove the inventory within a reasonable time, it became a trespasser 
on Mehan’s real property. Mehan’s theory of trespass is based on the premise 
that Wamco interfered with Mehan’s right to use the real property by not 
exercising its discretionary rights as a secured creditor to repossess the 
inventory owned by Mehan subject to Wamco’s lien. See Tex. Bus. & Com. Code Ann. §§ 9.601, 9.609; Cargal v. 
Cargal, 750 S.W.2d 382, 385 (Tex. App.—Fort Worth 1988, no writ) (holding 
that trespass requires only proof of interference with right of possession of 
real property). Mehan cites no authority, nor have we found any, indicating that 
a party with a security interest in collateral located on real property commits 
a trespass on that property by failing to foreclose on its security interest or 
repossess the collateral when the debtor is in default. Accordingly, we hold 
that Mehan did not prove its trespass claim against Wamco.
        The 
trial court’s unchallenged findings of fact and challenged conclusions of law 
are supported by the evidence at trial.[4]  
Therefore, we overrule Mehan’s first and second issues.
        Mehan’s 
third and fourth issues complain about the trial court’s failure to award 
damages and attorney’s fees on its counterclaim. Because Mehan did not prove 
that Wamco committed a trespass on its real property, it was not entitled to 
damages or attorney’s fees. We overrule Mehan’s third and fourth issues.
        In 
its fifth issue, Mehan contends that the evidence is legally and factually 
insufficient to support the trial court’s judgment allowing Wamco to conduct a 
sale of the inventory on its real property because the judgment does not specify 
appropriate terms and conditions for the sale. See Tex. Bus. & Com. Code Ann. § 9.625(a). Mehan contends that 
basic issues such as insurance, safety supervision, utility charges, and the 
rights of Mehan’s lessee on the property were not addressed. However, the 
trial court did order that Wamco be allowed to enter the property to prepare the 
inventory for sale and that Wamco pay rent to Mehan for its entry onto the 
property for that purpose. The trial court also provided for the amount and 
timing of the rent payments and for the deemed abandonment to Mehan of any 
inventory that is left on the property after the sale. Mehan has not cited, nor 
have we found, any authority indicating that in ordering a sale, the trial court 
must provide for all aspects of the sale to comply with section 9.625. 
Accordingly, we overrule Mehan’s fifth issue.
        Having 
overruled Mehan’s five issues, we affirm the trial court’s judgment.
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.
 
DELIVERED: April 8, 2004


NOTES
1.  
Apparently, Wamco did not receive a complete file when it purchased the bank’s 
loan. The stipulations filed by the parties indicate that Wamco did not discover 
it had only a second priority security interest in the equipment until it 
received a copy of a letter from the bank on November 21, 2002.
2.  
The judgment ordered Wamco to pay rent to Mehan while it occupied the property 
for the purpose of conducting the sale.
3.  
Merely filing suit requesting that the trial court allow the secured party to 
take possession does not constitute the actual taking of possession. Cf. 
Unicut, Inc. v. Tex. Comm. Bank-Chem., 704 S.W.2d 442, 445-46 (Tex. 
App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.) (describing 
methods for obtaining judicial assistance in obtaining possession of 
collateral); Hubbard v. Lagow, 576 S.W.2d 163, 165-66 (Tex. Civ. 
App.—Austin 1979, writ ref’d n.r.e.) (same).
4.  
Because the unchallenged findings support the trial court’s challenged 
conclusions of law even in the absence of finding of fact number 45, we do not 
address appellant’s contention that the finding is against the great weight 
and preponderance of the evidence. See Tex. R. App. P. 47.1.